IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY SPRUILLS, AP-5663,      )<br>    Petitioner,      )<br>                      )<br>     v.      )<br>                      )<br>RAYMOND LAWLER, et al.,      )<br>    Respondents.      ) | 2:09-cv-1135 |

Memorandum and Order

Mitchell, M.J.:

      Gregory Spruills has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.

      Spruills, an inmate at the State Correctional Institution at Huntingdon seeks to challenge his life sentence imposed following his conviction of second degree murder and robbery and theft at Nos. CC 4154-1891, 4155-1981 and 4229 of 1981, in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on November 10, 1981.

      The instant petition was executed on August 17, 2009. However, this is not the first federal challenge that the petitioner has directed at these convictions. Spruills filed a federal habeas corpus petition in this Court at C.A. 95-761 challenging these same convictions. In the latter case the petition was dismissed on the grounds that it lacked merit on October 24, 1995, and no appeal was pursued. On May 2, 2005, the United States Court of Appeals for the Third

Circuit denied leave to file a successive petition. On September 21, 2005, Spruills filed a motion for relief from judgment and to reopen the case at 95-761. Relief was denied on October 17, 2005 and a certificate of appealability was denied by the Court of Appeals on April 13, 2006.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, the petition of Gregory Spruills for a writ of habeas corpus will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C.

2

1631.

      An appropriate Order will be entered.

ORDER

AND NOW, this 8th day of September, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Gregory Spruills for a writ of habeas corpus is transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

                                            s/ Robert C. Mitchell
                                            United States Magistrate Judge